KLEINFELD, Circuit Judge,
dissenting:
I concur in parts 2, 4, 5, and 7.1 respectfully dissent from the rest. McBurnie had his day in court and lost. Any error that resulted is harmless and is not grounds for reversal. The majority further errs in remanding the negligent infliction of emotional distress claim when there was no evidence that the city breached a duty when it fired McBurnie.
McBurnie already had a six-day jury trial where the jury rejected his claim for retaliation under the Fair Labor Standards Act. Any error that may have occurred when the judge refused to let certain other claims or theories of liability go to the jury was harmless error under Rule 61 since it did not affect McBurnie’s “substantial rights.”
The jury heard two accounts at trial. McBurnie’s was that he was mistreated by his supervisors for complaining about overtime, and that the city retaliated against McBurnie with trivial annoyances followed by termination. The city’s was that McBurnie was a bad employee who was picked for the routine layoff because he was obstinate and refused to train a coworker. The jury accepted the city’s *627 account. The jury did not believe that McBurnie was fired for complaining about overtime, and it would not have believed that his complaint was the reason for any of the other supposedly adverse employment actions, such as increased supervision, and being transferred to another department after he himself requested transfer. Error, if any, was harmless. It made no difference that the jury never heard the First Amendment retaliation claim because the jury concluded that the city did not have a retaliatory motive for firing McBurnie.
Negligent infliction of emotional distress would not be a valid claim in the employment context in Arizona under Mack v. McDonnell Douglas Helicopter Co.[1] The elements of negligent infliction of emotional distress under Arizona law are 1) the defendant was negligent; 2) the defendant’s negligence created an unreasonable risk of bodily harm to the plaintiff; 3) the defendant’s negligence was a cause of emotional distress to the plaintiff; 4) the plaintiffs emotional distress resulted in physical injury or illness.[2] McBurnie lacked a prima facie case on at least the first three of the four elements.

. Mack v. McDonnell Douglas Helicopter Co., 179 Ariz. 627, 880 P.2d 1173, 1177 (App. 1994) ("In the absence of a tort claim recognized by Wagenseller, Mack’s effort, to enlarge his employment rights through the device of a negligence action, must fail.”).

. Revised Arizona Jury Instructions (Civil) 4th Negligence 9.